### WOOD & AL. vs. LEWIS.

The judge's certificate cannot control or eke out the facts appearing on the record.

MARTIN, J. delivered the opinion of the court. The plaintiffs and appellees pray that the appeal be dismissed, because there is no statement of facts, bill of exceptions, &c. on which the judgment may be examined.

The clerk of the district court has certified that the transcript which comes up, is a correct one " of all the proceedings in the cause, and of all the documents on file, in the same." His certificate bears date of August 5, 1822. On the 28th of the same month, he certified that there was on file, a certificate, granted on the 26th, by the district judge, at the request of the appellant's counsel, in the following

words :—" I certify that there was a judgment by default in the above case, and that it became final, without any other evidence produced than is contained on the record, to the best of my recollection. I am certain there was no written evidence given, and I believe the record to contain all the evidence on which the above suit is decided."

The record shews that judgment was given on the 21st of December, 1821, that the plaintiff recover, and be quieted in the possession of the slave mentioned in the petition. No document ; no evidence, parol or written, is mentioned. It is to be feared that the recollection of the judge does not enable him, twenty odd months after he rendered the judgment, to give us a correct statement of the proceedings which preceded it. We must believe that, if there had been a judgment by default, the clerk would have recorded it. An answer appears to have been filed several days before the date of the judgment.

Even if the judge's certificate had been granted, soon after the judgment, it would not afford us a legitimate ground of proceeding, as the record contains no document.

West'n District
  *Sept.* 1823.

Woop & al.
   *vs.*
 Lewis.

The appeal must be dismissed with costs.

*Mills* for the plaintiff, *Rost* for the defendant.